CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JAN 2 5 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>DAVID L. HUGGARD<br>837 Portsmouth Ave., Apt. A6<br>Bristol, Virginia<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 1:13mj9<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December, 2012__ in the county of __Smyth__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2423 | Transportation/travel with intent to engage in criminal sexual activity with minor, Aggravated sexual abuse with children, |
| 18 USC 2241(c) | |
| 18 USC 2251(a) | Sexual exploitation of children |

This criminal complaint is based on these facts:

See Attached Affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas R. Snapp, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/25/2013

_____
*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN THE MATTER OF AN<br>AN ARREST WARRANT FOR:<br><br>DAVID L. HUGGARD<br>DOB 03/26/1965<br>837 Portsmith Ave, Apt. A6<br>Bristol, Virginia | )<br>)<br>)    Criminal No. _1:13-mj-19_<br>)<br>)<br>)<br>) |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR A ARREST WARRANT

I, Thomas R. Snapp, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation, assigned to the Richmond Division, Bristol Resident Agency. I have been a Special Agent for approximately twenty-three years. My investigative experience includes the investigation of violent crimes, including violations of criminal sexual activity with children, sexual exploitation of children, aggravated sexual abuse with children, and on-line exploitation of children.

2 As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3. The statements in this affidavit are based in part on my investigation of this matter, information related to me by other law enforcement officers, and the expertise of other law enforcement officers also familiar with child sex investigations and cases. This affidavit does not set forth every fact resulting from the investigation; rather, it sets forth facts sufficient to establish probable cause in support of an arrest warrant for David L. Huggard for violations of

1

Title 18, United States Code, Section 2423(a), Transportation With The Intent To Engage In Criminal Sexual Activity, Title 18, United States Code, Section 2423(b), Travel With Intent To Engage In Illicit Sexual Conduct, Title 18, United States Code Section 2241(c), Aggravated Sexual Abuse With Children, and Title 18, United States Code, Section 2251(a), Sexual Exploitation Of Children.

## STATUTORY AUTHORITY

4. This investigation concerns alleged violations of Title 18, United States Code, Section 2423(a), Transportation With The Intent To Engage In Criminal Sexual Activity, Title 18, United States Code, Section 2423(b), Travel With Intent To Engage In Illicit Sexual Conduct, Title 18, United States Code Section 2241(c), Aggravated Sexual Abuse With Children, and Title 18, United States Code, Section 2251(a), Sexual Exploitation Of Children

5. Under 18 U.S.C. § 2423(a), it is a federal crime for any person who knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

6. Under 18 U.S.C. § 2423(b), it is a federal crime for any person who travels in interstate commerce for the purpose of engaging in any illicit sexual conduct with a person.

7. Under 18 U.S.C. § 2241(c), it is a federal crime for any person whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, to knowingly engage in a sexual act with another person who has not attained the age of 12 years, or attempts to do so.

8.Under 18 U.S.C. § 2251(a), it is a federal crime for any person who employs, uses,

persuades, induces, entices, or coerces any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

## BACKGROUND OF CURRENT INVESTIGATION

9. On January 14, 2012, Linda Warren (COMPLAINANT) met with Bristol Virginia police Detective Angela Simpson. COMPLAINANT reported the alleged sexual abuse of her four year old great niece, hereinafter referred to as VICTIM. COMPLAINANT has custody of the VICTIM. The COMPLAINANT reported the VICTIM disclosed sexual contact between VICTIM and her "Papaw," identified as David L. Huggard (DEFENDANT). The DEFENDANT, further described as the VICTIM's grandfather and the COMPLAINANT's brother, has visitation rights with the VICTIM. The DEFENDANT is an over-the-road truck driver and traveled with the VICTIM during several weeks of his visitation.

10. In or about December, 2011, COMPLAINANT moved from the Bristol, Virginia area to Wisconsin. The VICTIM stayed with the DEFENDANT for approximately two months before joining the COMPLAINANT in Wisconsin.

11. According to the COMPLAINANT, on or about December 12, 2012, the DEFENDANT traveled in his semi-tractor to Wisconsin to pick-up the VICTIM for a visit. The DEFENDANT thereafter traveled with the VICTIM in his custody to unknown locations for the purposes of his employment. COMPLAINANT reported that the DEFENDANT and the VICTIM ultimately traveled to the DEFENDANT's home in Bristol, Virginia, where they arrived on or about December 24, 2012. The DEFENDANT resides at 837 Portsmith Avenue, apartment A-6, Bristol, Virginia.

12. In late December 2012, or early January 2013, during a telephone conversation, the VICTIM informed COMPLAINTANT that the VICTIM was sexually assaulted by the DEFENDANT.

13. On or about January 5, 2013, the COMPLAINANT traveled from Wisconsin to Bristol, Virginia, and attempted to locate the VICTIM and DEFENDANT. On January 12, 2013, COMPLAINANT located the VICTIM and DEFENDANT at the home of DEFENDANT's girlfriend in Bristol, Tennessee. COMPLAINANT regained physical custody of the VICTIM and retrieved two sets of clothes belonging to the VICTIM. DEFENDANT informed COMPLAINANT that he was unable to wash the VICTIM's remaining clothes and that they were located in his personal vehicle, a 2002 grey Dodge Durango.

14. On or about January 13, 2013, the DEFENDANT left the Bristol Virginia/Tennessee area for an extended over-the-road trip related to his employment.

15. On January 17 and January 22, 2013, the VICTIM was interviewed at the Child Advocacy Center in Bristol, Virginia. During the interview, the VICTIM disclosed that she was sexually abused by the DEFENDANT, while they were traveling to unknown locations in the DEFENDANT's semi-tractor. The VICTIM disclosed that the DEFENDANT put his finger in

4

her butt. While describing the body parts on a human drawing, the victim identified the DEFENDANT's penis as his "poker." The VICTIM disclosed that the DEFENDANT instructed VICTIM to put her mouth on the DEFENDANT's poker and that the DEFENDANT peed in the VICTIM's mouth. The VICTIM also disclosed that the DEFENDANT was watching a movie while the sexual abuse was ongoing and that the DEFENDANT took pictures of the VICTIM. At the time of the interview, the VICTIM was unable or unwilling to describe the movie, or the content of the movie.

16. On January 24, 2013, David Thomas, the owner of J&D Express Trucking, in Marion, Virginia, confirmed that the DEFENDANT is employed as a truck driver for J&D Express Trucking. Thomas owns five tractors and has five drivers. The DEFENDANT drives J&D Express Trucking truck number 4. Thomas described the vehicle as a 1998 Peterbilt Tractor, maroon/lavender in color with blue fenders, "J&D Express Trucking" written on both sides of the sleeper, Department of Transportation number 948215, vehicle identification number of 1XP5DB9X6WN454883, and bearing Virginia license plate 77383PY. Thomas further disclosed that the vehicle has a TV and a DVD player in the sleeper.

17. The DEFENDANT typically hauls products from Royal Molding in Marion, Virginian and/or products from Kolckner in Rural Retreat to locations in the Washington State, Texas, Oregon, and Utah. The DEFENDANT typically stays near his destination for approximately 36 hours, before hauling produce back to Philadelphia or Maryland and returns to Western District of Virginia. The DEFENDANT is typically on the road for approximately 10 days and then has three or four days off at home. The DEFENDANT leaves the vehicle in the parking lot at J&D Express Trucking when he is on his days off.

5

18. The DEFENDANT started another trip to Washington State on or about November 30, 2012 and returned on or about December 11, 2012. The DEFENDANT started another trip to Washington on or about December 14, 2012 and returned on or about December 24, 2012. The DEFENDANT started another trip to El Paso, Texas on or about December 31, 2012 and returned on or about January 7, 2013. The DEFENDANT started his current trip to the state of Washington on or about January 15, 2013 and is expected to return on or about January 27, 2013.

19. Thomas confirmed that the DEFENDANT drove the vehicle on each of the above trips.

## CONCLUSION

20. For the reasons set forth above, I respectfully request this Court to issue a warrant for the arrest of David L. Huggard for violations of Title 18, United States Code, Section 2423(a), Transportation With The Intent To Engage In Criminal Sexual Activity, Title 18, United States Code, Section 2423(b), Travel With Intent To Engage In Illicit Sexual Conduct, Title 18, United States Code Section 2241(c), Aggravated Sexual Abuse With Children, and Title 18, United States Code, Section 2251(a), Sexual Exploitation Of Children.

Respectfully Submitted,

*Thomas R Snapp* (signature)

Thomas R. Snapp

Special Agent

Subscribed and sworn before

me this 25th day of January 2013

*Pamela Meade Sargent*

The Honorable Pamela Meade Sargent

United States Magistrate Judge

7