AO 245B (Rev. 9/11 - VAW Additions 6/05) Judgment in a Criminal Case
Sheet 1

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
NOV 07 2013
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

UNITED STATES OF AMERICA
V.
DAVID L. HUGGARD

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DVAW113CR000005-001
Case Number:
USM Number: 17115-084

Dennis Jones
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s) One (1) of the Information

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC Section 2423(b) | Travel in Interstate Commerce for the Purpose of Engaging in Illicit Sexual Conduct With Another Person | 12/24/12 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 7, 2013
Date of Imposition of Judgment

Signature of Judge

James P. Jones, United States District Judge
Name and Title of Judge

11/7/13
Date

DEFENDANT: DAVID L. HUGGARD
CASE NUMBER: DVAW113CR000005-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Two Hundred Ten (210) months.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant receive appropriate sex offender treatment while imprisoned.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before ______ on ____________

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

a ____________, with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAVID L. HUGGARD
CASE NUMBER: DVAW113CR000005-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Ten (10) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID L. HUGGARD
CASE NUMBER: DVAW113CR000005-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, the defendant:

(1) Must pay any monetary penalty that is imposed by this judgment in the manner directed by the court;

(2) Must reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons;

(3) Must submit to warrantless search and seizure of person and property by the probation officer or other law enforcement officer, whenever such officer has reasonable suspicion that the defendant is engaged in criminal activity;

(4) Must register with all local and state sex offender registration agencies in any jurisdiction where the defendant resides, is employed, carries a vocation, is a student, or is otherwise required to register by SORNA;

(5) Must have no direct or indirect contact at any time, for any reason, with any victim identified in the presentence report or any victim's family;

(6) Must not possess, view, or otherwise use any materials depicting or describing "child pornography" as defined in 18 U.S.C. § 2256, nor shall the defendant knowingly enter, or knowingly remain in, any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games;

(7) The defendant's residence and employment shall be approved by the probation officer. Any proposed change in residence or employment must be provided to the probation officer at least 10 days prior to the change and must be approved before the change may take place;

(8) Must submit to an evaluation by a qualified mental health professional, approved by the probation officer, who is experienced in the treatment of sexual offenders. The defendant shall take all medications reasonably related to his or her condition, complete all treatment recommendations, and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider;

(9) Must submit to risk assessments and psychological and physiological testing, which may include but is not limited to polygraph or plethysmograph examinations or other specific tests to monitor the defendant's compliance;

(10) Must submit to a search of his or her person, property, residence, vehicle, papers, computer, electronic communication devices, or data storage devices or media at any time by the probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of release. The defendant should warn any other residents or occupants that their premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition;

(11) Must provide the probation officer access to any requested financial records and authorize the probation officer's access to any banks, telephone providers and Internet providers, as necessary, to monitor the defendant's compliance;

(12) Must not linger within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreation fields, zoos, youth centers, carnivals, circuses, or other places that are primarily used or can reasonably be expected to be used by minors, without prior permission of the probation officer;

(13) Must not use, purchase, possess, procure, or otherwise obtain any computer or electronic device or cellular telephone that can be linked to any computer networks, bulletin boards, the Internet, or other exchange formats involving computers unless approved by the probation officer for such purposes as the defendant's lawful gainful employment, use by an immediate family member living in the defendant's same household, or other legitimate activities. In addition, the defendant shall not access or use any computer that utilizes any "cleaning" or "wiping" software programs;

(14) Must not associate or have verbal, written, telephonic, electronic communications or knowingly socialize through the Internet with any minor, except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender condition(s); and 3) with prior approval from the probation officer. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services;

(15) The defendant may only use and possess a cellular telephone that is limited to vocal telephone communication without the capability to access the Internet;

(16) Must not purchase, possess, or use any camera or video recording devices without approval of the probation officer;

DEFENDANT: DAVID L. HUGGARD
CASE NUMBER: DVAW113CR000005-001

## ADDITIONAL ~~STANDARD~~ SPECIAL CONDITIONS OF SUPERVISION

(17) Must notify employers, family members, and others with whom the defendant has regular contact of the defendant's sex offender conditions and that the defendant is under the supervision of the probation officer;

(18) Must not own, use, or have access to the services of any commercial mail receiving agency or storage unit, nor shall the defendant open or maintain a post office box or storage unit without the prior approval of the probation officer;

(19) Must not be employed in any position or participate as a volunteer in any activity that involves contact with minors without prior approval of the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor;

(20) Must participate in the Computer and Internet Monitoring Program and abide by all conditions therein as directed by the probation officer. Participation in this program is contingent upon all program criteria being met;

(21) Must contact the probation officer within 72 hours of establishing an ongoing romantic relationship with another individual and provide the probation officer with information about the other party. The defendant shall also inform the other party of his or her prior criminal history concerning sex offenses;

(22) Must not be in the company of or have contact with children under the age of 18, including the defendant's own children, without prior permission of the probation officer. Contact includes but is not limited to letters, communication devices, audio or visual devices, and communication through a third party. The defendant shall immediately report any such contact to the probation officer;

(23) Must not have any contact, other than incidental contact in a public forum such as ordering in a restaurant or grocery shopping, with any minor that is under the age of 18 without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes but is not limited to direct or indirect, personal, telephonic, written, and through a third party. If the defendant has any contact with any such minor not otherwise addressed in this condition, the defendant is required to immediately leave the situation and notify the probation officer;

(24) Must not possess or have under his control any material depicting sexually explicit conduct involving adults or minors, child pornography, or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

(25) Must not possess any sexually oriented material that, according to a qualified sex offender treatment provider, may interfere with an ongoing treatment regimen;

(26) Must not frequent any business whose primary function is to serve alcoholic beverages, if, according to a qualified sex offender treatment provider, such activity may interfere with an ongoing treatment regimen;

(27) Must not possess any bindings, restraints, handcuffs, or other sadomasochistic paraphernalia;

(28) Must not utilize by any means any social networking forums offering an interactive user network of friends, personal profiles, blogs, chat rooms, or other environments which allow for interaction with others without prior approval of the probation officer;

(29) Must submit to unannounced examination by the probation officer of the defendant's computer equipment and electronic devices, which may include the retrieval and copying of all data from the equipment or devices, to ensure compliance with the conditions of supervision. If the probation officer has reasonable suspicion that the defendant has violated the terms and conditions of supervision, the defendant shall consent to the seizure of such equipment and devices for the purpose of conducting a more thorough investigation; and

(30) Must permit the probation officer to conduct periodic, unannounced examinations of any computer equipment the defendant uses or possesses, which includes all hardware and software related to online use. This computer equipment includes but is not limited to any internal or external peripherals, internet-capable devices, and data storage media. These examinations may include retrieval and copying of data related to online use and viewing of pictures and movies which may be potential violations of the terms of supervision. The relevant computer equipment may be removed by the probation officer for more thorough examination. The probation officer may use and install any hardware or software system that is needed to monitor the defendant's computer use.

DEFENDANT: DAVID L. HUGGARD
CASE NUMBER: DVAW113CR000005-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ______________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 13, 1996.

DEFENDANT: DAVID L. HUGGARD

CASE NUMBER: DVAW113CR000005-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A ☒ Lump sum payment of $ 100.00 immediately, balance payable

☐ not later than ____________, or

☐ in accordance ☐ C, ☐ D, ☐ E, ☐ F or, ☐ G below); or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F, or ☐ G below); or

C ☐ Payment in equal ____________ (e.g., weekly, monthly, quarterly) installments of $ ____________ over a period of ____________ (e.g., months or years), to commence ____________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ____________ (e.g., weekly, monthly, quarterly) installments of $ ____________ over a period of ____________ (e.g., months or years), to commence ____________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ____________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ During the term of imprisonment, payment in equal ____________ (e.g., weekly, monthly, quarterly) installments of $ ____________, or ______ % of the defendant's income, whichever is greater, to commence ____________ (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal ____________ (e.g., weekly, monthly, quarterly) installments of $ ____________ during the term of supervised release, to commence ____________ (e.g., 30 or 60 days) after release from imprisonment.

G ☐ Special instructions regarding the payment of criminal monetary penalties:

Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011, for disbursement.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.