**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4850**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

    v.

DAVID L. HUGGARD,

  Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:13-cr-00005-JPJ-1)

---

Submitted:  July 11, 2014              Decided:  August 1, 2014

---

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Abingdon, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David L. Huggard pled guilty to travel in interstate commerce for the purpose of engaging in illicit sexual conduct with another person and was sentenced to 210 months' imprisonment. He appeals his conviction, asserting that the district court abused its discretion in denying his motion to withdraw his guilty plea. We find no abuse of discretion and therefore affirm Huggard's conviction.

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Rather, once the district court has accepted a guilty plea, it is within the district court's discretion whether to grant a motion to withdraw it based on the defendant's showing of a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).

When considering whether to allow a defendant to withdraw a guilty plea, the trial court must consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal

2

              will cause prejudice to the government, and
              (6) whether it will inconvenience the court
              and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Although all of the Moore factors should be considered, the first, second, and fourth are the most important factors in making the determination of whether to allow withdrawal of the plea. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

We have reviewed the record submitted on appeal and the arguments of the parties, and we conclude that the district court did not clearly err in determining that Huggard had the assistance of competent counsel throughout the proceedings, failed to offer credible evidence that the plea was not knowing or voluntary, and failed to credibly assert his legal innocence. Additionally, the district court did not err in determining that the three-month delay and the prejudice to the government counseled against granting the motion to withdraw the plea.[*]

In conclusion, we have determined that the district court properly weighed the Moore factors and did not abuse its discretion in denying Huggard's motion to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th

---

[*] The district court determined that the final factor—inconvenience to the court and waste of judicial resources—was not a serious factor in this case.

Cir. 2000). Accordingly, we affirm the district court's denial
of the motion to withdraw the plea and affirm Huggard's
conviction. We dispense with oral argument because the facts
and legal contentions are adequately presented in the materials
before this court and argument would not aid the decisional
process.

<u>AFFIRMED</u>

4