## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:13CR00005 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAVID LEE HUGGARD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia for United States; David Lee Huggard, Pro Se Defendant.*

The defendant, David Lee Huggard, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me upon the United States' Motion to Dismiss, and Huggard has responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.

I.

On February 25, 2013, Huggard pleaded guilty pursuant to a written Plea Agreement, to an Information charging him with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). The government asserted that Huggard, a long

haul truck driver, had taken his four-year-old granddaughter on an interstate trip with him, and during the travel, he permitted her to performed oral sex on him.

At the guilty plea hearing, Huggard affirmed that he understood both the charge against him and that he had a constitutional right to be charged by an indictment. (Plea Hr'g Tr. 5-6, ECF No. 56.) I asked, "Have there been any threats or promises made to you to cause you to waive indictment in this case?" (*Id.* at 6.) Huggard responded, "I guess it depends on what you call a threat, you know." (*Id.*) Counsel then explained, "Part of the basis for this plea, and why the plea is in Mr. Huggard's best interests, is that if, if he does not plead guilty to this charge the charge that will be presented to the grand jury would be a charge which contains a 30 year mandatory minimum, and I believe that that is what Mr. Huggard has in mind by the idea of a threat." (*Id.* at 6-7.) I asked whether that was accurate and Huggard responded, "Yes." (*Id.* at 7.) I found that Huggard was fully competent and capable of waiving indictment and that his waiver was voluntary and intelligent. (*Id.*)

Huggard further affirmed that he had read and discussed the Plea Agreement with counsel and that he was fully satisfied with counsel's representation. (*Id.* at 9.) Huggard affirmed his understanding, that under the Plea Agreement, he gave up his right to appeal or collaterally attack his sentence. (*Id.* at 13.) I asked, "Has anyone made any promise to you, other than those made in the plea agreement, that

caused you to want to plead guilty?" (*Id.*) Huggard responded, "No." (*Id.*) I asked, "Has anyone threatened you or attempted in any way to force you to plead guilty in this case?" (*Id.* at 14.) Counsel responded that Huggard's answer mirrored his response to my earlier question regarding whether anyone had made any threats or promises to cause him to waive an indictment. I confirmed with Huggard that this was correct. (*Id.*) I also asked, "Do you understand that your sentence may be different from any estimate that your lawyer may have given you?" (*Id.* at 16-17.) Huggard responded, "I do." (*Id.* at 17.) I found that Huggard was fully competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary. (*Id.* at 21-22.)

On May 29, 2013, Huggard filed a pro se motion for appointment of new counsel, and on June 6, 2013, counsel filed a motion to withdraw. A hearing on the motion to withdraw was held on June 20, 2013, and I granted the motion and appointed new counsel to represent Huggard at sentencing.

On October 2, 2013, Huggard, by new counsel, filed a motion to withdraw his guilty plea. A hearing on the motion to withdraw was held on October 8, 2013 and Huggard argued that he had been pressured into pleading guilty by previous counsel and felt he "didn't have [any] choice." (Mot. to Withdraw Plea Hr'g Tr. 27, ECF No. 74.) Huggard testified that counsel told him that he would not get a fair trial and, regardless of his proclaimed innocence, any jury would convict him.

3

(*Id.* at 6-8.)  Thus, he would be subject to a mandatory minimum sentence of 30 years and, moreover, would likely be killed in prison because of the nature of his crimes.  (*Id.*)  In denying Huggard's motion to withdraw his guilty plea, I addressed each of the factors outlined in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).[1]  I concluded that Huggard's plea was knowing and voluntary and noted, "The fact that he had a hard choice to make does not make it involuntary. He had a right to . . . plead not guilty and he knew it.  He simply felt at that time that [pleading guilty] was in his best interests, and . . . he's changed his mind  . . . but that doesn't mean his plea was not voluntary at the time."  (Mot. to Withdraw Plea Hr'g Tr. 46-47, ECF No. 74.)  I also found that he had the "close assistance of competent counsel" and that, "[t]he fact that [counsel] urged him to take this [plea] certainly was not improper."  (*Id.* at 47.)

At the sentencing hearing, I accepted the Presentence Investigation Report ("PSR") without objection.  The PSR recommended a total offense level of 36 and

---

[1] When considering whether to allow a defendant to withdraw a guilty plea, the trial court must consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248.

a criminal history category of I, resulting in a guideline imprisonment range of 188 to 235 months. (PSR 10, ECF No. 68.) I sentenced Huggard to 210 months imprisonment.

Huggard appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, claiming that this court abused its discretion by denying his motion to withdraw his guilty plea. The Fourth Circuit affirmed Huggard's conviction and sentence. *United States v. Huggard*, 580 F. App'x 208, 209 (4th Cir. 2014) (unpublished).

In this § 2255 motion, Huggard claims that his rights under the Sixth Amendment were violated during post-arrest questioning by law enforcement and that the Information and guilty plea colloquy were constitutionally insufficient. Huggard also alleges that counsel provided ineffective assistance by: (1) failing to conduct adequate investigation; (2) misadvising him about his guilty plea and pressuring him to plead guilty; (3) operating under a conflict of interest; and (4) failing to argue ineffective assistance of counsel on appeal.

I find that the Motion to Dismiss should be granted and the § 2255 motion dismissed.

## II.

The United States argues that Huggard has waived his right to file the § 2255 motion. It is settled circuit law that a "criminal defendant may waive his right

to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether a waiver is knowing and voluntary requires evaluation of the "adequacy of the plea colloquy," with "reference to the totality of the circumstances." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (quoting *United States v. Thornsbury,* 670 F.3d 532, 537 (4th Cir. 2012)).

Huggard claims that transcripts from his guilty plea hearing show he did not understand the essential elements of his charge and that he did not wish to plead guilty. Huggard also claims that the Information was unconstitutionally vague because it failed to include the language that he acted with intent to engage in a "'sexual act with a juvenile,' [as] required by [18 U.S.C. §] 2423(b)."[2] (Mot. to Vacate 10, ECF No. 81.) Finally, Huggard argues that the government violated his Sixth Amendment rights by interrogating him in a "forceful and dominating"

---

[2] The Information charges Huggard with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). (Information at 1, ECF No. 29.) However, there was no ambiguity regarding whether Huggard was being charged with illicit sexual conduct with a minor because § 2423 specifically defines "illicit sexual conduct" as a sexual act with a person under 18 years of age. *See* 18 U.S.C. § 2423(f).

6

manner for several hours without an attorney, despite his request for one, and demanding that he sign certain unspecified papers. (*Id.* at 2.)

The record establishes that Huggard entered a knowing and voluntary guilty plea and affirmed his understanding that he was waiving his right to collaterally attack the judgment and sentence. (Plea Hr'g Tr. 13, ECF No. 56.) Huggard's claims that the Information and his guilty plea colloquy were constitutionally insufficient and that his Sixth Amendment rights were violated during post-arrest questioning by law-enforcement fall within the scope of the collateral attack waiver in the Plea Agreement, and consequently, these claims must be dismissed.[3]

Furthermore, Huggard failed to raise his claims regarding the Information and post-arrest questioning on appeal, and the government thus argues that these claims are procedurally defaulted.

A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates actual innocence. *See*

---

[3] Huggard also argues in his Response to the government's Motion to Dismiss that counsel also provided ineffective assistance by failing to challenge the post-arrest questioning. (Answer to Mot. Dismiss 7, ECF No. 94.) However, this claim lacks merit. Huggard averred in his plea colloquy that he was satisfied with counsel's performance. *Lemaster*, 403 F.3d at 221. Also, Huggard has failed to make more than conclusory allegations that the government's conduct during the post-arrest questioning was improper.

*Bousley v. United States*, 523 U.S. 614, 622 (1998). Attorney error can serve as cause for default, but only if it amounts to a violation of the defendant's constitutional right to effective assistance of counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Huggard has not demonstrated "either 'cause' and actual 'prejudice'" for his default or that he is "'actually innocent.'" *Bousley*, 523 U.S. at 622 (citations omitted). Accordingly, these claims are procedurally defaulted and must be dismissed. *Id.* at 621-22; *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010.)

## III.

Huggard also presents claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[4] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Id.* at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d

---

[4] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. *Id.* at 697.

1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Huggard's claims of ineffective assistance of counsel do not show both the deficient performance and resulting prejudice required by *Strickland.* Accordingly, these claims will be dismissed.

## A. Investigation.

Huggard claims that counsel failed to conduct an adequate investigation into "the facts and circumstances of the case." (Mot. to Vacate 3, ECF No. 81.) However, he does not specify what counsel would have discovered that would have changed the outcome of the case. Conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a

9

constitutional issue or require an evidentiary hearing. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). Moreover, this claim is directly contradicted by Huggard's affirmance under oath during his Rule 11 colloquy that he was satisfied with counsel's representation. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). The court of appeals also rejected this claim on direct review, concluding "that the district court did not clearly err in determining that Huggard had the assistance of competent counsel throughout the proceedings." *Huggard*, 580 F. App'x at 209. Defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered by [the] court" on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, this claim will be dismissed.

## B. Guilty Plea.

Huggard also claims that counsel misadvised him regarding his guilty plea and pressured him to plead guilty.[5] These claims are directly contradicted by

---

[5] Huggard's complains in his Motion to Vacate that counsel promised him a sentence of "no more than three (3) years" in order to convince him to plead guilty. (Mot. to Vacate 4, ECF No. 81.). However, in his Declaration he asserts that counsel promised a sentence of "no more than 1 to 2 years." (Huggard Decl. 1, ECF No. 81-1.) Finally, in Huggard's Response to the Motion to Dismiss, he reports counsel promised a

10

Huggard's affirming under oath during his Rule 11 colloquy that no one had threatened him or attempted to force him to plead guilty.[6] *Lemaster*, 403 F.3d at 221. Likewise, the court of appeals rejected this claim on direct review when it concluded that Huggard had the "assistance of competent counsel throughout the proceedings." *Huggard*, 580 F. App'x at 209. Accordingly, these claims will be dismissed.

## C. Conflict of Interest.

Huggard claims that counsel was operating under a conflict of interest when he advised Huggard to sign the Plea Agreement because the Plea Agreement included language indicating that Huggard was satisfied with counsel's advice and representation. (Answer to Mot Dismiss 8, ECF No. 94.). To establish that a conflict of interest resulted in ineffective assistance, Huggard must show that counsel operated under a conflict of interest and that the conflict "adversely

---

sentence of "less than 2 years." (Answer to Mot. Dismiss 11, ECF No. 94.) Regardless of any length of sentence allegedly promised by counsel, Huggard cannot show prejudice because I informed him at the plea hearing that he was pleading guilty to a charge that carried a maximum penalty of 30 years imprisonment. (Plea Hr'g Tr. 14, ECF No. 56.). Moreover, Huggard acknowledged under oath during the plea colloquy that he understood his sentence might be different from any estimate provided by counsel. (*Id.* at 16-17.)

[6] Huggard responded to my question regarding whether anyone had threatened him or attempted to force him to plead guilty with the caveat that, if he did not plead guilty, he would face a charge with a 30 year mandatory minimum sentence. This response does not change my conclusion that Huggard was not threatened or forced into pleading guilty. (Plea Hr'g Tr. 6-7, ECF No. 56.)

11

affected" counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980). To demonstrate an adverse affect, Huggard must identify a "plausible alternative defense strategy or tactic" that counsel might have pursued that was objectively reasonable under the facts known to counsel at that time and also must establish that counsel's "failure to pursue that strategy or tactic was linked to the actual conflict." *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001). Huggard has not described any plausible, meritorious defense or any adverse effect from the alleged conflict of interest, and he has not established that he would have not pleaded guilty had this alleged conflict of interest not existed.[7] Accordingly, this claim will be dismissed.

### D. Appeal.

Huggard's claim that appellate counsel provided ineffective assistance for failing to argue ineffective assistance of trial counsel also fails because appellate counsel is not required to present every claim, or even every non-frivolous claim, that a client wishes to assert. *See Jones v. Barnes*, 463 U.S. 745, 752 (1983) (noting that appellate counsel must "examine the record with a view to selecting the most promising issues for review."). Courts should ordinarily find ineffective assistance for failure to pursue claims on appeal only when "ignored

---

[7] As discussed above, Huggard's allegations that he pleaded guilty because he was pressured to do so by counsel are patently incredible in light of Huggard's sworn statements during the plea colloquy that he was pleading guilty voluntarily. *See Lemaster*, 403 F.3d at 221.

issues are clearly stronger than those presented." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (internal quotation marks and citation omitted). Huggard has not shown that his proposed argument was clearly stronger than the argument appellate counsel presented. Indeed, as noted above, the court of appeals determined that "Huggard had the assistance of competent counsel throughout the proceedings." *Huggard*, 580 F. App'x at 209. Accordingly, Huggard has not shown ineffective assistance of counsel under *Strickland* and this claim will be dismissed.[8]

## IV.

For the foregoing reasons, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

---

[8] Huggard also appears to attempt to assert a freestanding claim of actual innocence. Whether a freestanding claim of actual innocence is cognizable in a habeas action unaccompanied by assertion of an independent constitutional violation remains unsettled in the Fourth Circuit. *See Royal v. Taylor*, 188 F.3d 239, 243 (4th Cir. 1999). In light of this, and because Huggard is acting pro se, the court will liberally construe his pleadings to assert a companion claim that counsel provided ineffective assistance for advising him to plead guilty when he was actually innocent. *See e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, I find that Huggard has not shown he was actually innocent of his conviction. Indeed, Huggard does not deny that inappropriate sexual contact occurred between him and his four-year-old granddaughter. He merely makes the incredible assertion that she was the sexual aggressor. Further, during his guilty plea hearing, Huggard' attorney acknowledged that "[Federal Bureau of Investigation Agent Thomas] Snapp may describe Mr. Huggard's admission during the magistrate's bond hearing, and Mr. Huggard regards the statements by Mr. Snapp during the bond hearing as accurate." (Plea Hr'g Tr. 20, ECF No. 56.) I asked Huggard if what his attorney said was correct, and he replied, "Yes, sir." (*Id.*)

13

DATED:   November 2, 2015

/s/  James P. Jones
United States District Judge