# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13CR00005 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAVID LEE HUGGARD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

David Lee Huggard, a federal inmate previously sentenced by this court, has filed a pro se document entitled "Motion Requesting Removal of Judge James P. Jones from this Case: and Motion to Allow Defendant to Certain Records and Documents which Establish his Innocence and Shows Fraud upon the Court." The motion will be denied.

On February 25, 2013, Huggard pleaded guilty pursuant to a written Plea Agreement to an Information charging him with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). The government asserted that Huggard, a long haul truck driver, had taken his four-year-old granddaughter on an interstate trip with him, and during the travel, he permitted her to performed oral sex on him.

On May 29, 2013, Huggard filed a pro se motion for appointment of new counsel, and on June 6, 2013, counsel filed a motion to withdraw. After a hearing, I granted the motion and appointed new counsel to represent Huggard at sentencing.

On October 2, 2013, Huggard, by new counsel, filed a motion to withdraw his guilty plea. A hearing on the motion to withdraw was held on October 8, 2013. Huggard testified that he had been pressured into pleading guilty by previous counsel and felt he "didn't have any choice." Mot. to Withdraw Plea Hr'g Tr. 27, ECF No. 74. Huggard testified that counsel told him that he would not get a fair trial and, regardless of his proclaimed innocence, any jury would convict him. *Id.* at 6-8. Thus, he would be subject to a mandatory minimum sentence of 30 years and, moreover, would likely be killed in prison because of the nature of his crimes. *Id.* I denied the motion seeking to withdraw the guilty plea and later sentenced Huggard to 210 months of imprisonment.

Huggard appealed his conviction, claiming that the court abused its discretion by denying his motion to withdraw his guilty plea. The Fourth Circuit disagreed, and affirmed Huggard's conviction. *United States v. Huggard*, 580 F. App'x 208, 209 (4th Cir. 2014) (unpublished).

On October 6, 2014, Huggard filed a pro se Motion to Vacate Conviction and or [sic] Correct an Illegal Sentence, pursuant to 28 U.S.C. § 2255, claiming,

among other things, that counsel misadvised him regarding his guilty plea and pressured him to plead guilty, when in fact he was innocent of the crime. I denied the 2255 motion, pointing out that

> Huggard does not deny that inappropriate sexual contact occurred between him and his four-year-old granddaughter. He merely makes the incredible assertion that she was the sexual aggressor. Further, during his guilty plea hearing, Huggard's attorney acknowledged that "[Federal Bureau of Investigation Agent Thomas] Snapp may describe Mr. Huggard's admission during the magistrate's bond hearing, and Mr. Huggard regards the statements by Mr. Snapp during the bond hearing as accurate." (Plea Hr'g Tr. 20, ECF No. 56.) I asked Huggard if what his attorney said was correct, and he replied, "Yes, sir." (*Id.*)

*United States v. Huggard*, No. 1:13CR00005, 2015 WL 6672256, at *5 n.8 (W.D. Va. Nov. 2, 2015), *appeal dismissed,* 647 F. App'x 193 (4th Cir. 2016) (unpublished).[1]

In his present motion, Huggard requests me to recuse myself on the ground of "bias and prejudice." Mot. 1, ECF No. 109. However, his only specific basis

---

[1] Huggard also complained in his 2255 motion that counsel promised him a sentence of "no more than three (3) years" in order to convince him to plead guilty. Mot. to Vacate 4, ECF No. 81. However, in his accompanying Declaration he asserted that counsel promised a sentence of "no more than 1 to 2 years." Huggard Decl. 1, ECF No. 81-1. Finally, in Huggard's response to the Motion to Dismiss, he claimed counsel promised a sentence of "less than 2 years." Answer to Mot. Dismiss 11, ECF No. 94. Regardless of any length of sentence allegedly promised by counsel, I held that Huggard could not show prejudice because I informed him at the plea hearing that he was pleading guilty to a charge that carried a maximum penalty of 30 years imprisonment. *Id.* at 2015 WL 6672256, at *5 n.5. Moreover, Huggard acknowledged under oath during the plea colloquy that he understood his sentence might be different from any estimate provided by counsel. *Id.* at 16-17.

3

for this accusation is that I wrongly denied his prior motions, which is an insufficient ground for recusal.

The other ground of his present motion is that the court has prevented him from "proving his innocence" by the magistrate judge's order entered at the beginning of his case, allowing the government to provide grand jury and other government materials to defense counsel, but restricting its distribution after the conclusion of the case. Order ¶ 9, Mar. 7, 2013, ECF No. 36. Huggard does not explain what exculpatory information is allegedly contained in this material and I find no cause allowing me to order it provided to him at this point. The allegations of his present motion merely repeat those made in his previous unsuccessful 2255 motion.

For these reason, it is **ORDERED** that the defendant's motion, ECF No. 109, is DENIED.

ENTER: March 28, 2017

/s/ James P. Jones
United States District Judge