# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13CR00005 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAVID LEE HUGGARD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

David Lee Huggard, a federal inmate, has filed a pro se motion entitled, "Pursuant to 18, U.S.C. § 3583(e), Defendant Moves the Court to Modify and or Strike Certain Conditions of Supervised Release from the Record."

On February 25, 2013, Huggard pleaded guilty pursuant to a written Plea Agreement to an Information charging him with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). On November 7, 2013, I sentenced Huggard to 210 months imprisonment, within the advisory guideline range.

Huggard appealed. The court of appeals affirmed Huggard's conviction and sentence. *United States v. Huggard*, 580 F. App'x 208, 209 (4th Cir. 2014) (unpublished). Later Huggard filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. *United States v. Huggard*, No. 1:13CR00005,

2015 WL 6672256 (W.D. Va. Nov. 2, 2015), *appeal dismissed,* 647 F. App'x 193 (4th Cir. 2016) (unpublished).

The court is permitted to modify, reduce, or enlarge conditions of supervision. 18 U.S.C. § 3583(e)(2). However, Huggard has not shown good cause to do in his case, particularly since he is yet to begin service of his term of supervision and will not for many years.[1] Once he is released to those conditions, he may request modifications, provided he provides valid reasons for such modifications. At that point, the court will be in a better position to make the proper determination. In meantime, the defendant suffers no prejudice from conditions that have yet to be effective. *See United States v. James*, 673 F. App'x 581, 581 (7th Cir. 2017) (unpublished).

To the extent that Huggard attacks all of his conditions of supervision as invalid, that argument comes too late, since it was not raised on appeal or in his prior § 2255 motion. *See United States v. Neal*, 810 F.3d 512, 514 (7th Cir. 2016) ("Section 3583(e)(2) does not authorize such late challenges based on asserted procedural errors from the time of original sentencing, such as a claim that the court failed to provide a sufficient explanation for the condition or that there was not sufficient evidence to support the then-unchallenged condition."); *United*

---

[1] According to the Bureau of Prisons, Huggard's expected release date is April 23, 2028. Federal Bureau of Prisons, *www.bop.gov/inmateloc/* (search bar for David L. Huggard) (last visited Apr. 23, 2018).

*States v. Hatten,* 167 F.3d 884, 886 (5th Cir. 1999) (holding that a district court does not have the authority under § 3583(e)(2) to modify a condition of supervision on the ground of illegality).

For these reasons, it is **ORDERED** that the motion, ECF No. 118, is DENIED.

ENTER: April 23, 2018

/s/ James P. Jones
United States District Judge