1

**IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**


DAVID LEE HUGGARD,                                    :
                                                     :
              **Petitioner,**                        :
v.                                                   :              Case No. 1:13CR00005
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :
              **Respondent.**                        :


**UNITED STATES' MOTION TO DISMISS IN RESPONSE TO PETITIONER'S
SECOND MOTION FOR RELIEF PURSUANT TO TITLE 28, UNITED STATES CODE,
SECTION 2255**

The United States of America, by counsel, hereby moves the Court to grant summary judgment to the United States in the above case and dismiss the defendant's Motion for Relief pursuant to Title 28, United States Code, Section 2255 on the grounds that he has failed to make a requisite showing pursuant to § 2255(h) and has failed to state a claim upon which relief can be granted.

The defendant, David Huggard ("Petitioner"), represented by court-appointed counsel, Brian Beck, pleaded guilty pursuant to a plea agreement on February 25, 2013, to a one count information charging a violation of 18 U.S.C. § 2423(b), namely, traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person. (Doc. 30, 31, 56.) Petitioner filed a *pro se* motion for appointment of new counsel on May 29, 2013.  On June 6, 2013, Petitioner's counsel filed a motion to withdraw, stating that counsel did not believe that Petitioner had confidence in him any longer, and that Petitioner did not believe he had been

adequately represented "by counsel's advice to sign a plea agreement," which was granted following a hearing on June 20, 2013. (Doc. 44 & 73.)

On October 2, 2013, Petitioner, through his new counsel, Dennis Jones, filed a motion to withdraw his guilty plea claiming that his plea was not voluntary, and maintained that he was innocent of the offenses to which he plead. (Doc. 53.)  A hearing on the motion was held on October 8, 2013.  (Doc. 74.)  The court denied Petitioner's motion to withdraw his guilty plea and addressed the factors outlined in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). (Doc. 59 & 74.) On November 7, 2013, a sentencing hearing was held and Petitioner was sentenced to 210 months imprisonment.  (Doc. 64 & 75.)

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the United States Court of Appeals for the Fourth Circuit claiming that the district court erred by denying his motion to withdraw his guilty plea.  The United States Court of Appeals for the Fourth Circuit affirmed the Petitioner's conviction and sentence finding that there was no violation of Petitioner's constitutional rights and that the district court did not err in denying the motion to withdraw Petitioner's guilty plea because Petitioner's guilty plea was knowing and voluntary. *United States v. Huggard,* 580 Fed. Appx. 208  (4th Cir. 2014).

On October 23, 2014, Petitioner filed a Motion for Relief pursuant to Title 28, United States Code, Section 2255.  On November 2, 2015, this court granted the government's Motion to Dismiss Petitioner's Motion for Relief.  (Doc. 98 & 99.)  Petitioner filed a Notice of Appeal, which was dismissed by the United States Court of Appeals for the Fourth Circuit on April 26, 2016. (Doc. 104, 105, & 106.)

3

Between 2016 and 2022, Petitioner filed a number of motions challenging his conditions of supervised release and requesting recusal of the District Court Judge assigned to his case.  All of these motions were denied and their denial affirmed by the United States Court of Appeals for the Fourth Circuit.

On March 8, 2022, Petitioner filed a Motion Pursuant to Title 28, United States Code, Sections 2244 & 2255(h), requesting authorization to file a second or successive Motion for Relief pursuant to Title 28, United States Code, Section 2255, claiming newly discovered evidence.  On April 7, 2022, the Motion was granted by the United States Court of Appeals for the Fourth Circuit. (Doc. 128.)   Petitioner's successive Motion for Relief was filed on April 7, 2022. (Doc. 129.)

## SUMMARY OF CLAIM

Petitioner now claims that he is entitled to relief based upon newly discovered evidence, which he asserts came to his attention in 2021.  The nature of the newly discovered evidence is, essentially, opinion evidence from family members and others regarding the credibility of the minor victim of the offense, JS.  This evidence is presented in the forms of affidavits and letters that assert that Linda Warren, sister of the Petitioner, physical custodian of victim JS, and the initial complainant of the offense for which Petitioner was convicted., "no longer believes that [Petitioner] did anything to JS."  (Doc. 129, Exh. #3 at 28.)   This purported "evidence" is unsubstantiated and irrelevant opinion and speculation based upon alleged post-conviction conduct by the victim and is nothing more than a shameful attempt at character assassination of a victim who is still a minor.

## LAW AND ARGUMENT

4

After conviction and exhaustion of appeals, the Court is "entitled to presume that [a defendant] stands fairly and finally convicted." *United States v. Frady,* 456 U.S. 152, 164 (1982). In order to overcome this presumption and obtain relief on a motion under 28 U.S.C. § 2255, a defendant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *United States v. Shaid*, 937 F.2d 228, 233 & n.7 (5th Cir. 1991) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Errors of law and errors of fact do not provide a basis for collateral attack unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

A defendant may show constitutional error by establishing ineffective assistance of counsel. To establish constitutionally ineffective assistance, a defendant must satisfy both prongs of a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show, considering all the circumstances, that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-91. In making this determination, there is a strong presumption that counsel's performance fell within the wide range of reasonableness. *Id.* at 689. Second, he must affirmatively prove prejudice, in that there is a reasonable probability that the outcome would have been different if not for the deficiency. *Id.* at 694. If a defendant fails to meet the burden of proving prejudice, the reviewing court need not even consider the performance prong. *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

A defendant who enters a guilty plea has an even higher burden to meet to show constitutionally ineffective assistance of counsel, in that he "must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

An issue may not be raised for the first time on collateral review unless the defendant can show cause for the procedural default and actual prejudice resulting from the error, or can "demonstrate that a miscarriage of justice would result from refusal of the court to entertain a collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999); *see also Frady*, 456 U.S. at 168; *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). This is true for issues to which no objection was raised in the district court and for grounds for appeal which were not raised on direct appeal. *See Shaid*, 937 F.2d at 232 (issue of error in jury instruction defaulted for failure to object at trial); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (ground for appeal defaulted when not raised on direct appeal). If a defendant is clearly unable to show that actual prejudice resulted, the Court is not required to consider whether adequate cause has been shown. *Frady*, 456 U.S. at 168.

The cause prong of the test for procedurally defaulted issues "must turn on something external, such as the novelty of the claim or the denial of the effective assistance of counsel." *Id.* Ineffective assistance of counsel constitutes cause only if the *Strickland* test can be passed. If the defendant relies upon ineffective assistance of counsel to establish cause, he is still required to "show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result." *Mikalajunas*, 186 F.3d at 492. "[A] mere miscalculation of the likelihood of success" is not sufficient to establish ineffective assistance of counsel. *Id.* Importantly,

> vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United*

6

> *States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000). *See also Jones v. Gomez*,
> 66 F.3d 199, 204 (9th Cir.1995) (noting "conclusory allegations which are
> not supported by a statement of specific facts do not warrant habeas relief")
> (internal quotation marks omitted); *Andiarena v. United States*, 967 F.2d
> 715, 719 (1st Cir.1992) (holding claim that included "wholly conclusory"
> "abstract allegation" was "properly subject to summary dismissal").

*United States v. Dyess*, 730 F3d 354, 359-60 (4th Cir. 2013).

If a defendant does show cause for a procedural default, he must still show actual

prejudice resulted.  To accomplish that, the defendant must show more than "just the 'possibility

of prejudice.'" *Frady*, 456 U.S. at 170.  The error must have resulted in an "actual and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*

Colorable evidence that a defendant was wrongly convicted of a crime of which he was innocent

can impact the analysis of whether actual prejudice resulted. *Id.* at 171.  The burden on the

defendant to prove prejudice justifying collateral relief is "significantly higher" than it would be

to prove error on direct appeal. *Id.* at 166.

Even if a defendant cannot show cause for a procedural default, a defendant may still win

relief if his case falls "within 'the narrow class of cases . . . implicating a fundamental

miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v.*

*Zant*, 499 U.S. 467, 494 (1991)).  Because it is necessary to balance society's interest in the

finality of convictions and the preservation of scarce judicial resources, to establish a

"fundamental miscarriage of justice" justifying the review of barred claims, a petitioner must

7

establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[1] *Id.* at 327.

In assessing the claim of innocence to determine if a fundamental miscarriage of justice would result from the procedurally barred claim, the court is not bound by rules of admissibility at trial. *Schlup*, 513 U.S. at 327-28. Rather, the court should "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* Review of the claim should be granted not just where the court determines that reasonable doubt has been shown to exist, but rather only where a "probabilistic determination" has been reached that "no reasonable juror would have found the defendant guilty." *Id.* at 329. A new issue may not be raised on collateral review unless the defendant shows cause for the procedural default and the error results in actual prejudice, or can "demonstrate that a miscarriage of justice would result from refusal of the court to entertain a collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999); *see also Frady*, 456 U.S. at 168; *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). A defendant must show that actual prejudice resulted in order for the Court to be required to consider the motion. *Frady*, 456 U.S. at 168.

When a petitioner has previously filed a request for relief pursuant to § 2255, he may not file a second or successive petition without receiving pre-authorization from the appropriate Court of Appeals. *See* 28 U.S.C. § 2255(h). One ground upon which this authorization can be granted is if the petitioner makes a prima facie showing that there is "newly discovered evidence that, if

---

[1]*Shlup* was decided in the context of a petitioner seeking to avoid the death penalty with claims that alibi evidence not uncovered by his counsel established his actual innocence. The Fourth Circuit has ruled that the actual innocence defense is not limited to death penalty habeas challenges. *Maybeck*, 23 F.3d at 893.

8

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense." *Id.* Newly discovered evidence is not normally a ground for habeas relief, as "[f]ederal

habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not

to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 & 404 (1993). Claims of new

evidence are not constitutional claims. *Id.* Once prefiling authorization is granted by the Court of

Appeals for the § 2255 motion, it is left "to the district court to conduct a more searching

assessment of whether that motion satisfied the successive motion standard [in § 2255(h)]." *United

States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011).

> In making this assessment, the court must consider "all the evidence, old
> and new, incriminating, and exculpatory, without regard to whether it would
> necessarily be admitted under the [evidentiary rules]." *MacDonald XI,* 641
> F.3d at 612 (internal quotations and citations omitted; alterations in
> original). In so doing, "the court must give due regard to the unreliability of
> the evidence ... and may have to make some credibility assessments" and
> must "assess how reasonable jurors would react to the overall, newly
> supplemented record." *Id.* at 612–13 (internal citations and quotations
> omitted). If the court determines that [Petitioner] has met his burden of
> proving, by clear and convincing evidence, that no reasonable juror would
> have found him guilty, then he will have cleared the procedural, gatekeeping
> bar set forth in § 2255(h), which will allow the court to consider his § 2255
> claim(s) on the merits.

*United States v. MacDonald*, 32 F. Supp. 3d 608, 619 (E.D.N.C. 2014), *aff'd*, 911 F.3d 723 (4th

Cir. 2018). Finally, to be granted relief on collateral review based upon newly discovered

evidence, the petitioner must show that the evidence unquestionably establishes innocence, such

that "a complete miscarriage of justice" would result. *Addonizio*, 442 U.S. at 185.

## <u>Newly Discovered Evidence</u>

9

In his current motion, Petitioner claims that there is newly discovered evidence that justifies an evidentiary hearing and, ultimately, a reversal of his conviction. Specifically, Petitioner claims that alleged post-conviction conduct of victim JS brings her credibility into question such that the initial complainant, Linda Warren, no longer believes Petitioner committed an offense against JS. The form of this "newly discovered evidence" is a series of affidavits and letters from other family members and persons who claim to know JS stating that they had spoken with Warren and as a result of JS's post-conviction conduct and allegations of sexual abuse by others, Warren has stated she no longer believes Petitioner committed an offense. (Doc. 129, Exh. #3.)[1] Additionally, there are letters claiming that JS's alleged hyper-sexualized behavior as a now young teenager calls into question the report of sexual abuse she made as a four-year old. (*Id.*)

As callous and appalling as the attacks on JS are, even if true, Petitioner's claim fails and the court should deny him the relief requested as he cannot demonstrate that the alleged newly discovered evidence unquestionably establishes innocence such that "a complete miscarriage of justice" would result by denying relief. *Addonizio*, 442 U.S. at 185. The fact that family members of JS or others in the community *now* question her credibility based upon actions she has taken post-conviction does not in any way demonstrate that the defendant is innocent of the crime to which he pleaded guilty. As noted by this court in a previous order denying relief,

> Huggard does not deny that inappropriate sexual contact occurred between him and his four-year-old granddaughter. He merely makes the incredible assertion that she was the sexual aggressor. Further, during his guilty plea hearing, Huggard's attorney acknowledged that "[Federal Bureau of Investigation Agent Thomas] Snapp may describe Mr. Huggard's admission during the magistrate's bond hearing, and Mr. Huggard regards the statements by Mr. Snapp during the bond hearing as accurate." (Plea

---

[1] Notably, there is no affidavit from Warren.

10

> Hr'g Tr. 20, ECF No. 56.) I asked Huggard if what his attorney said was
> correct, and he replied, "Yes, sir." (Id.)[2]

*United States v. Huggard*, No. 1:13CR00005, 2015 WL 6672256, at *5 n.8 (W.D. Va. Nov. 2,

2015), *appeal dismissed*, 647 F. App'x 193 (4th Cir. 2016) (unpublished).

General credibility concerns or potential impeachment material regarding the victim of the

offense do not in any way undermine the admissions by the defendant that he engaged in illegal

sexual conduct with a four-year old.  No jury would find the defendant innocent, even if the

allegations about the victim were deemed to be true, not to mention that the allegations of her post-

conviction activities would not have been present nor admissible in 2013 when the defendant

pleaded guilty.[3]

For these reasons, the government does not believe an evidentiary hearing is warranted nor

necessary.  Based upon the above facts and argument, Petitioner is not entitled to relief.

---

[2] A summary of Agent Snapp's testimony regarding Petitioner's admission was introduced at the guilty plea hearing:

> The defendant was arrested on or about January of 2013, and questioned by agents of the FBI after being mirandized. While first denying any inappropriate sexual contact with the victim of this offense, the granddaughter, later in the interview the defendant admitted that while he was traveling over-the-road with his granddaughter on the trip that has previously been mentioned, that on one occasion he awoke and his daughter (*sic*), who is four years old, was playing with his fully erect penis and he allowed her to do this for two to three minutes, and that she then began to perform oral sex on him by placing his penis in her mouth which he, after that occurred for a short period of time, he stopped.

(Plea Hr'g Tr. 19-20, Doc. 56.)

[3] Some of the letters also reference interviews of JS at a Children's Advocacy Center prior to his conviction.  It is not clear if he is alleging this too is "newly discovered evidence", however, Petitioner admitted at his Motion to Withdraw Guilty Plea Hearing he was aware of these interviews.  (Mot. Hr'g Tr. at 27, Doc. 74.)

11

## VII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that David Huggard's

Motion for Relief Pursuant to 28 U.S.C. § 2255, be dismissed with prejudice.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney


/s/ Zachary T. Lee
VA Bar No. 47087
Attorney for United States of America
U.S. Attorney's Office
180 West Main Street
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
USAVAW.ECFAbingdon@usdoj.gov


## CERTIFICATE

I hereby certify that I have caused a true and correct copy of the foregoing United States'

Motion to Dismiss In Response to Petitioner's Motion for Relief Pursuant to Title 28, United

States Code, Section 2255 to be mailed by first-class mail to:

David Huggard
#17115-084
FCI Ashland
PO Box 6001
Ashland KY 41105


by:   /s/ Zachary T. Lee
      Zachary T. Lee
      Assistant United States Attorney