# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:13CR00005 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **DAVID LEE HUGGARD,** ) | J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> |
| ) | |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew L. Felty, Abingdon, Virginia, for Defendant.*

The defendant, David Lee Huggard, filed a successive pro se motion seeking relief under 28 U.S.C. § 2255, alleging that new evidence not available at the time of his conviction establishes his actual innocence. I appointed counsel for the defendant and referred the motion to the magistrate judge, who conducted an evidentiary hearing and issued a Report and Recommendation (R. & R.), to which Huggard's counsel has filed a timely objection. For the reasons set forth herein, I will accept the R. & R. and deny the defendant's proposed successive § 2255 motion.

I.

On February 25, 2013, Huggard pled guilty pursuant to an *Alford* plea[1] to an Information charging him with traveling in interstate commerce for the purpose of engaging in illicit sexual activity with another person in violation of 18 U.S.C. § 2423(b). The government contended that Huggard, a long-haul truck driver, had molested his four-year-old granddaughter JS during an interstate trip from Virginia to California and back. The government's evidence consisted primarily of statements made by JS to a family member, Linda Warren, about what had occurred during the trip and Warren's recollection of those statements, an interview with JS in which she stated that Huggard had initiated sexual contact with her, and Huggard's own admissions. Although he at first denied the allegations, Huggard later admitted to law enforcement that "inappropriate things had occurred with JS." Presentence Investigation Report (PSR) ¶ 16, ECF No. 68.[2] However, he argued

---

[1] "In *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970), the Court held that there is no constitutional obstacle to acceptance of the guilty plea of a defendant who, despite his or her voluntary and knowing consent to the imposition of criminal sanctions, continues to profess innocence, so long as the prosecution's evidence demonstrates a strong factual basis for the plea. *United States v. Richardson*, No. 88-5116, 1989 WL 79728, at *1 n.1 (4th Cir. July 14, 1989) (unpublished). At his plea hearing, Huggard maintained that he was pleading guilty only because it was in his best interest based on the plea agreement, without renouncing his innocence. Guilty Plea Hr'g Tr. 21, ECF No. 56. As required, Fed. R. Crim. P. 11(b)(3), the court found that there was a factual basis for the plea based on the prosecution's evidence. *Id.* at 22.

[2] The arresting FBI agent testified at Huggard's pretrial detention hearing that Huggard had admitted during an interrogation that he and JS were sleeping together in the

- 2 -

that JS had been the sexual aggressor — a claim that he continued to make throughout the proceedings. *Id*.

On November 7, 2013, this court sentenced Huggard within the advisory guideline range to 210 months' imprisonment to be followed by ten years of supervised release. Despite the terms of his plea agreement, Huggard appealed his conviction and sentence, claiming that the court erred in denying an earlier motion to withdraw his guilty plea. The Fourth Circuit rejected his arguments and affirmed. *United States v. Huggard*, 580 F. App'x 208, 209 (4th Cir. 2014) (unpublished).

The defendant thereafter filed a pro se § 2255 motion seeking to vacate his conviction, which was denied. *United States v. Huggard*, No. 1:13CR00005, 2015 WL 6672256 (W.D. Va. Nov. 2, 2015), *appeal dismissed*, 647 F. App'x 193 (4th Cir. 2016) (unpublished).

In his present successive § 2255 motion,[3] Huggard alleged that there is newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

---

truck's cab bed when he awoke to find JS touching and putting her mouth on his erect penis, which he allowed her to continue for "one to two" or even "three or four" minutes, until he stopped her. Detention Hr'g Tr. 48, ECF No. 143. During the guilty plea hearing, Huggard's attorney acknowledged that "[the FBI agent] may describe Mr. Huggard's admission during the magistrate's bond hearing, and Mr. Huggard regards the statements by [the agent] during the bond hearing as accurate." Guilty Plea Hr'g Tr. 20, ECF No. 56. I asked Huggard if what his attorney said was correct, and he replied, "Yes, sir." *Id.*

[3] The court of appeals authorized the filing of the proposed successive motion pursuant to 18 U.S.C. § 2255(h). Corrected Order 1, ECF No. 129. Such authorization established only that the § 2255 motion "made prima facie showing of the requirements for a successive motion." *United States v. MacDonald*, 641 F.3d 596, 603 (4th Cir. 2011)

would undermine all evidence of his guilt — that is, he is actually innocent. He submitted several unsworn statements and letters with his motion, describing instances in which JS has allegedly accused others of sexual misconduct and times that JS purportedly demonstrated inappropriate sexual behavior. The government moved to dismiss the motion, but I denied the government's motion to dismiss without prejudice, finding that an evidentiary hearing was warranted.

I then referred the matter to a magistrate judge. At the evidentiary hearing before the magistrate judge, Huggard's counsel explained that the newly proffered evidence fit into two categories: (1) evidence concerning so-called false allegations made by JS against other family members and (2) evidence showing JS's propensity to act in a sexual manner at a young age. Huggard introduced testimony from his daughter and JS's aunt, Monique Huggard, who testified that JS made accusations against JS's brother Jaime about a month before Huggard was charged, accusations of which Huggard was aware before he entered his plea. Moreover, Monique Huggard and other witnesses described sexual behaviors they purportedly saw JS exhibit around 2012 and 2013, as well as JS's conduct in the years since Huggard's conviction. After the hearing, Huggard submitted an unsworn written statement

---

(internal quotation marks and citations omitted). It is up to this court to determine whether the defendant "can pass through the innocence gateway to have his claim heard." *Id.* at 612. In other words, "[i]n granting prefiling authorization for the § 2255 motion, [the panel] left it to the district court to conduct a more searching assessment of whether th[e] motion satisfie[s] the successive motion standard." *Id.* at 604.

from Linda Warren, the family member who originally reported Huggard. In that statement, Warren now expresses personal doubts about Huggard's guilt.

After considering the evidence submitted with the motion, presented at the hearing, and the post-hearing statement from Warren, the magistrate judge issued her R. & R., finding that Huggard had failed to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense and recommending that the court deny Huggard's successive motion. R. & R. 24, ECF No. 166. In doing so, the magistrate judge reasoned that much of the evidence presented was not newly discovered, in that it was either known to Huggard when he pled guilty or concerned events that occurred years after his conviction. Moreover, the magistrate judge determined that the evidence, primarily directed at JS's credibility, did not disprove the underlying allegations, at least to the extent that no reasonable factfinder would have found Huggard guilty.

Huggard has objected to the R. & R., but not to the magistrate judge's findings regarding the sufficiency of the so-called newly discovered evidence presented to the court. Instead, he argues that the evidence as a whole does not establish that he had the requisite intent to commit the crime. Specifically, he contends that regardless of what version of the facts the court accepts, "the sexual contact was an apparent surprise" and that Huggard "did not intend for the sexual contact to happen when he picked up his granddaughter in Wisconsin." Objection ¶¶ 4, 5, ECF No.

167.  The government did not object to the R. & R., and requests that the court adopt the R. & R.  Notice 1, ECF No. 168.

II.

If a party objects to a magistrate judge's recommendation, I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  As long as a timely objection is sufficiently specific, *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), I must make a de novo determination of even those arguments that that were not originally raised before the magistrate.  *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).  However, I need not consider new issues raised for the first time in objections.  *JTH Tax, LLC v. Shahabuddin*, No. 21-2031, 2023 WL 3002746, at *10 (4th Cir. Apr. 19, 2023) (unpublished).

Here, because Huggard does not object to the magistrate judge's findings of facts or conclusions regarding the so-called newly discovered evidence,  I am not obligated to conduct a de novo review of those issues.  *Elijah*, 66 F.4th at 460.  Instead, I must only find "that there is no clear error on the face of the record."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  After

a review of the record, I find that no clear error exists as to the unobjected to portions of the R. & R.[4]

I turn to Huggard's objection — that the evidence fails to establish that Huggard traveled in interstate commerce with the intent to engage sexual activity with JS. Huggard did not raise this claim in his proposed successive § 2255, nor did he present evidence supporting this argument at the evidentiary hearing before the magistrate judge, and the magistrate judge did not make a specific finding as to intent. Because Huggard raises the claim in this posture, I must determine whether it constitutes a new issue or a new argument so as to determine if de novo review is mandatory. *Samples v. Ballard*, 860 F.3d 266, 273 (4th Cir. 2017). An issue corresponds to a ground for relief, whereas an argument is a position taken in support or against that ground. *Id.* (discussing in the state habeas context); *JTH Tax, LLC*, 2023 WL 3002746, at *10 (applying the distinctions in non-habeas context). Huggard's assertion that there is insufficient evidence to establish an element of the

---

[4] The magistrate judge found that that "Huggard has produced evidence of what he and his witnesses call 'sexual' behavior by J.S. prior to her allegations against him. This evidence, however, is not newly discovered because it was known to Huggard at the time he pleaded guilty." R. & R. 23, ECF No. 166. Witness Carolyn Roberts testified before the magistrate judge that JS had acted in a sexual manner prior to Huggard's charge, and that she had not reported that to Huggard. However, Monique Huggard testified of prior sexual behavior she had witnessed from JS, and that she had told the defendant about this behavior. Furthermore, the PSR confirms that Huggard knew of JS's so called "history of inappropriate behavior." PSR ¶ 12, ECF No. 68. Accordingly, there is no clear error in the magistrate judge's finding that Huggard knew about JS's alleged sexual behavior at the time he pleaded guilty and that therefore such evidence is not newly discovered.

offense — intent — is not a position in support of (or against) so called newly discovered evidence pertaining to the veracity of JS's accusations or Warren's changed beliefs, but rather is a new ground for relief. Accordingly, I find that it would be appropriate to exercise my discretion to not review this new issue raised via objection to the R. & R. *JTH Tax, LLC*, 2023 WL 3002746, at *10.

I recognize that although the issue was not briefed nor was evidence presented on intent, Huggard's counsel briefly addressed it after the close of the evidence and during questioning by the magistrate judge at the evidentiary hearing. I also recognize that Huggard challenges the magistrate judge's overall conclusion that the evidence does not establish that no reasonable factfinder would have found him guilty. Thus, to the extent that I could construe the claim as one raised prior to the R. & R. objection, a de novo review leads me to conclude that Hoggard's new claim still fails.

Huggard's objection does not reference any newly proffered evidence pertaining to his intent. His objection is just that even considering Huggard's statements admitting the sexual contact, it was "an apparent surprise" and not the purpose of his interstate travel. Objection ¶¶ 3, 4, ECF 167. This is not evidence, nor is it newly discovered.

To the extent Huggard is attempting to imply that the newly submitted unsworn statements and the testimony presented at the hearing pertain to his alleged

lack of intent, I find that he has still not satisfied the threshold requirements for a successive motion under § 2255(h)(1). Huggard's § 2255 motion raised only a freestanding claim of actual innocence based on the alleged newly discovered evidence, Def.'s Mot. 5, ECF Nos. 129, 155 ("The new evidence, if true, undermines all evidence of guilt."), and the Supreme Court has not determined that such a freestanding claim of innocence is recognized. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence claim."). At the evidentiary hearing, Huggard's counsel suggested that his substantive claim should be construed as ineffective assistance of counsel. Regardless, I must first determine whether Huggard has satisfied the statutory threshold for filing a successive motion before assessing the merits of his motion, *MacDonald*, 641 F.3d at 614, and I find that he has not met the gateway requirement.

Under § 2255(h), Huggard must "proffer[] newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty." *United States v. MacDonald*, 32 F. Supp. 3d 608, 619 (E.D.N.C. 2014). Considering the evidence as a whole, including that which is old and new, incriminating and exculpatory, I find that the record does not contain clear and convincing evidence for which no reasonable factfinder would have found

Huggard guilty. The proffered evidence regarding JS's alleged propensity to act in a sexual manner and her pre-charge allegations against her brother, is not evidence that is newly discovered. Huggard knew about such evidence when he pled guilty. Furthermore, JS's post-conviction conduct, along with Warren's changed opinions about the case, if proven, does not establish that no reasonable fact finder would have found Huggard guilty considering JS's detailed, contemporaneous statements that Huggard initiated the sexual contact and Huggard's own contemporaneous admissions that he allowed inappropriate contact to occur. Accordingly, I find that Huggard has failed to satisfy § 2255(h)(1)'s gatekeeping standard and that the proposed successive § 2255 motion must be denied. *MacDonald*, 32 F. Supp. 3d at 619 ("If the court determines that [the defendant] has met his burden of proving, by clear and convincing evidence, that no reasonable juror would have found him guilty, then he will have cleared the procedural, gatekeeping bar set forth in § 2255(h), which will allow the court to consider his § 2255 claim(s) on the merits.").

### III.

For the foregoing reasons, I will deny the defendant's objection to the R. & R., fully accept it, and deny the defendant's proposed successive § 2255 motion as having failed to meet the procedural standard set forth in § 2255(h)(1). A separate final order will be entered herewith.

- 11 -

DATED:   June 26, 2023

/s/  JAMES P. JONES
Senior United States District Judge